**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **NAUTILUS INSURANCE CO.,** | |
| Plaintiff, | |
| | Case No. 11 C 1251 |
| v. | |
| | Hon. Harry D. Leinenweber |
| **DUBIN & ASSOCIATES, INC.,** an Illinois Corporation, and **WILLIE WAKEFIELD,** Individually, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Nautilus Insurance Company (hereinafter, "Nautilus") brought the instant declaratory judgment action against its insured, Dubin & Associates, Inc. (hereinafter, "Dubin"), and Willie Wakefield (hereinafter, "Wakefield"). Dubin has filed a Motion to Dismiss Nautilus' Complaint pursuant to FED. R. CIV. P. 12(b)(1), alleging that Nautilus failed to plead facts sufficient to establish subject matter jurisdiction. For the reasons stated herein, Dubin's Motion to Dismiss is granted. Nautilus is given 30 days from the date of this Order to replead its Complaint.

**I. BACKGROUND**

The following facts are taken from Nautilus' Complaint. Nautilus issued to Dubin an insurance policy (the "Nautilus policy") that was effective from April 14, 2004 to April 14, 2005. The Nautilus policy states, in relevant part:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

In an endorsement, the Nautilus policy contains an "Employee Exclusion" barring coverage for any bodily injury that occurs to "an employee of the insured arising out of and in the course of: (a) employment by the insured; or (b) performing duties related to the conduct of the insured's business." The endorsement defines "employee" as "includ[ing], but is not limited to, any persons hired by, loaned to, leased to, contracted for, or volunteering services to the insured, whether or not paid by the insured."

In 2006, Wakefield filed a lawsuit against Dubin in the Circuit Court of DuPage County, Ill., under the caption *Willie Wakefield v. Dubin & Associates, Inc. et al.*, Case No. 06 L 860. Wakefield alleges that in March 2005 Dubin was the general contractor for the construction of buildings at 4500 W. Belmont

Ave. in Chicago. Asbach & Vanselow, Inc. ("Asbach") and Air-Rite Heating and Cooling ("Air-Rite") were subcontractors on the project. Wakefield, a sheet metal installer for Air-Rite, alleges he was struck and injured by a load of lumber that fell from a forklift operated by an Asbach employee. Wakefield alleges negligent conduct by both Dubin and Asbach. Nautilus, which is not named in the Complaint, seeks a declaratory judgment in this Court to determine whether it has a duty to defend or indemnify Dubin in the Wakefield litigation.

Dubin has moved to dismiss the Complaint for failure to show the existence of an actual controversy. Absent from the Complaint is any allegation that Dubin ever demanded that Nautilus defend or indemnify it with respect to the Wakefield litigation. Nor is there any allegation that Dubin has ever indicated that it intends to make a claim under the Nautilus policy. The question in this case boils down to whether, given the gossamer-thin nature of Nautilus' pleading, it has adequately alleged that a live controversy exists between the parties. The Court finds that it has not.

## II. ANALYSIS

### A. Legal Standard

Here, Dubin's Rule 12(b)(1) Motion attacks the sufficiency of the Complaint, so the Court "must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *Alicea-Hernandez v. Catholic Bishop of Chi.*, 320 F.3d 698, 701 (7th Cir. 2003). Even so, Nautilus must sufficiently allege the existence of a case or controversy with respect to its duty to defend and indemnify Dubin.

The Declaratory Judgment Act gives federal courts discretionary power to issue declaratory judgments. But for the Court to exercise this power, it must have an independent basis of subject matter jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950). In this case, Nautilus' Complaint is premised on diversity jurisdiction.

When determining whether an actual controversy exists under the Declaratory Judgment Act, the question is whether there is a real dispute between parties with adverse legal interests "of sufficient immediacy and reality to warrant issuance of a declaratory judgment" and to ensure that such a judgment is not merely an advisory opinion. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (U.S. 2007)(citing *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). In other words, a party bringing a declaratory judgment action must allege a direct

- 4 -

injury or threat of injury that is "real and immediate, not conjectural or hypothetical." *Atl. Int'l Ins. Co. v. Atchison, Topeka, and Santa Fe Ry.*, 938 F.2d 81, 83 (1991)(internal citations omitted).

### B. Discussion

Nautilus' Complaint outlines the background of the Wakefield litigation and the provisions of the policy it issued to Dubin. Nautilus alleges that Wakefield was an employee contracted for by Dubin and so falls within the policy's "Employee Exclusion." This, Nautilus alleges, precludes any duty on its part to defend or indemnify Dubin in the underlying litigation. But the Complaint says nothing about any discussions or contact between Dubin and Nautilus about potential coverage under the policy. The Court agrees with Dubin that it is odd that the Complaint lacks this information. Furthermore, neither party has provided any information about the status of the underlying litigation, which is nearly five years old, although a check of the DuPage County Circuit Clerk's Office's website reveals that it is still pending. *Office of the Clerk of the Circuit Court, DuPage County, Ill., http://www.dupagecase.com/Clerk/caseNumberSearch.do* (last visited July 29, 2011).

- 5 -

In support of its argument, Dubin cites *Nat'l Union Fire Ins. Co. v. ESI Ergonomic Solutions, LLC*, 342 F.Supp.2d 853 (D. Ariz. 2004). There, the court found that an insurer failed to show an actual controversy between itself and its insured, an advertiser, because the insurer failed to allege that the advertiser disputed its denial of coverage or had threatened to take legal action to obtain coverage. *Id.* at 862. There, as here, the insurer produced no evidence of any communications between it and its insured regarding coverage. *Id.* at 863.

In so ruling, the Court relied on the Seventh Circuit's ruling in *Atl. Int'l Ins.*, 938 F.2d at 84, in which the court held that the mere rendering of a judgment against an insured railway did not create an actual dispute with its insurer. In that case, the insurer was one of about 170 insurers for a railway that had been found liable for a violation of the Sherman Act, 15 U.S.C. § 1. *Id.* at 82. The railway sent letters to its insurers, soliciting their views on possible settlement negotiations and inviting their participation "according to the terms of the policies." *Id.* The Seventh Circuit found that the letter fell short of being a demand for payment, particularly where questions remained as to whether the railway's liability arose during the insurer's policy year. *Id.* at 84.

Courts within this circuit have interpreted *Atl. Int'l Ins.* as standing for the proposition that the duty to defend "does not result in a case or controversy unless and until an insured either makes a demand for defense under such an insurance policy or threatens to make such a demand." *Northland Ins. Co. v. Crane*, No. 02 C 7388, 2006 WL 305877, at *3 (N.D. Ill. 2006). Nautilus, in asserting that its Complaint sufficiently alleges the existence of a controversy, relies on developments in Illinois law subsequent *Atl. Int'l Ins.* Specifically, the Illinois Supreme Court has held that an insurer's duty to defend is triggered not only by an insured tendering its defense to an insurer, but by the insurer's actual notice of a lawsuit. *Cincinnati Cos. v. West Am. Ins. Co.*, 701 N.E.2d 499, 504 (Ill. 1998). An insurer has actual notice when it knows of the existence of a lawsuit that potentially falls within the scope of the policy. *Emp'rs Ins. of Wausau v. Ehlo Liquidating Trust*, 708 N.E.2d 1122, 1131 (Ill. 1999).

Here, Nautilus clearly knows of the existence of the Wakefield litigation, and so it argues that its duty to defend has been triggered and exists until Dubin explicitly tells it that its assistance is not wanted. However, the cases cited by Nautilus do not deal with the pleading standard required to show an actual controversy in order to obtain a declaratory judgment in federal

court. At most, they show that Nautilus was on notice that it had to take some action in regard to the Wakefield litigation. Illinois courts have held that the duty to defend in an actual notice situation may be discharged merely by asking the insured whether it desires the insurer's assistance in the matter. *Cincinnati Cos.*, 701 N.E.2d at 504. If the insured indicates that it does not, or is unresponsive, the insurer is relieved of its duty to defend. *Id.*

As it stands, it is impossible to tell from Nautilus' Complaint whether it made this inquiry of Dubin, what Dubin's response was, or when any of these hypothetical interactions occurred. The Complaint does not reveal when Nautilus learned of the lawsuit or whether it has taken any action in regard to it, such as defending under a reservation of rights or denying coverage. These facts are particularly important because, given the age of the Wakefield lawsuit, the Court must be able to assess whether an actual controversy *currently* exists between the parties.

In its response, Nautilus says that Dubin has requested coverage from it and that it is currently incurring defense costs in the Wakefield litigation. But neither of these allegations is included in its Complaint, and the Court cannot guess as to the existence of subject matter jurisdiction. So Dubin's Motion to

- 8 -

Dismiss must be granted, but Nautilus is given leave to replead its Complaint in regard to its duty to defend within thirty (30) days from the date of this order.

However, the Court notes that any claim regarding Nautilus' duty to indemnify appears premature. While a duty to defend is ripe during the pendency of the underlying litigation, a duty to indemnify is ordinarily not justiciable until after the resolution of the underlying litigation. *Cruz v. County of DuPage*, 96 C 7170, 1998 WL 832642, at *4 (N.D. Ill. Nov. 23, 1998). Because it appears that Dubin disputes any alleged negligence on its part, it would be premature for this Court to resolve that issue while the underlying lawsuit is pending. *Nationwide Ins. v. Zavalis*, 52 F.3d 689, 694 (7th Cir. 1995). Although there are exceptions to this rule, none are apparent from the face of Nautilus' Complaint or from its response to the Motion to Dismiss. If the facts are such that a dispute over the duty to indemnify is indeed ripe, Nautilus should so plead them. Otherwise, it should replead only as to the duty to defend.

### III.  **CONCLUSION**

For the reasons stated herein, Dubin's Rule 12(b)(1) Motion to Dismiss Plaintiff's Complaint for Declaratory Judgment is granted.

Nautilus is given leave to replead its Complaint within thirty (30) days from the date of this Order.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　　　　　　　　United States District Court

**DATE:** 8/19/2011