# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1251 | **DATE** | 12/29/2011 |
| **CASE TITLE** | Nautilus Ins. Co. v. Dubin & Associates, Inc. | | |

**DOCKET ENTRY TEXT**

For the reasons stated, Dubin & Associates, Inc.'s Motion to Dismiss the Amended Complaint, or in the Alternative for Judgment on the Pleadings [37] is denied. Dubin is ordered to answer the Complaint within 30 days from the date of this Order. Status hearing set for 2/15/2012 at 9:00 a.m.

■[ For further details see text below.]

Notices mailed by Judicial staff.

---

# STATEMENT

Before the Court is Dubin & Associates, Inc.'s ("Dubin") Motion to Dismiss Nautilus Ins. Co.'s ("Nautilus") Amended Complaint. For the reasons stated, the motion is denied.

## I. BACKGROUND

This is Dubin's second motion to dismiss Nautilus' Complaint for a declaratory judgment in this insurance coverage dispute. Previously, this Court granted Dubin's motion to dismiss under Fed. R. Civ. P. 12(b)(1) because Nautilus failed to plead facts sufficient to establish subject-matter jurisdiction. *See Nautilus Ins. Co. v. Dubin & Assocs., Inc.*, No. 11 C 1251, 2011 WL 3664997, at *1 (N.D. Ill. Aug. 19, 2011).

Because the Court laid out the facts in that opinion, it will restate them only briefly here. Nautilus issued to Dubin an insurance policy (the "Nautilus policy") that was effective from April 14, 2004 to April 14, 2005. The Nautilus policy contains an "Employee Exclusion" barring coverage for any bodily injury that occurs to "an employee of the insured arising out of and in the course of: (a) employment by the insured; or (b) performing duties related to the conduct of the insured's business." The endorsement defines "employee" as "includ[ing], but is not limited to, any persons hired by, loaned to, leased to, contracted for, or volunteering services to the insured, whether or not paid by the insured."

In 2006, Willie Wakefield filed a negligence lawsuit against Dubin in the Circuit Court of DuPage County, Ill. Wakefield's suit alleges that in March 2005 Dubin was the general contractor on a construction project in Chicago. Wakefield, who worked for a subcontractor, was injured during the course of the project.

Nautilus, which is not named in the Complaint, seeks a declaratory judgment in this Court to determine whether it has a duty to defend or indemnify Dubin in the Wakefield litigation. Because this Court found that Nautilus' original Complaint was too vague to establish the existence of an actual controversy, it dismissed that Complaint. Nautilus has since re-pleaded its Complaint and added the following allegations: (1) that Nautilus has inquired of Dubin as to whether it wants Nautilus to participate in the defense of the Wakefield lawsuit; (2) Dubin has told Nautilus that it wants Nautilus to continue to participate in the defense of the Wakefield lawsuit; and (3) Nautilus contends that it should not be required to do so. Pl.'s Comal. §

25–27.

    Dubin moves to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), arguing that the Complaint fails to state a claim upon which relief can be granted because it does not contain an allegation that Nautilus reserved its right to deny coverage. In the alternative, Dubin moves for judgment on the pleadings under Fed. R. Civ. P. 12(c). In essence, Dubin argues that Nautilus' Complaint is too vague without an allegation of reservation of rights and that without such an allegation, it has pleaded itself out of Court by showing it is estopped from denying coverage.

    Nautilus responds that its Complaint is adequately pleaded, and argues that Rule 12(h)(2) bars this successive motion to dismiss. It also contends that judgment on the pleadings is improper because Dubin has not yet answered the Amended Complaint.

## II. ANALYSIS

### A. Legal Standard

    In order to state a claim upon which relief can be granted, a complaint must show a plausible right to relief and give the defendant fair notice of the claims against it. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In determining whether a complaint meets this standard, the Court must view the allegations in the Complaint in the light most favorable to the plaintiff. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009).

### B. Discussion

    As a preliminary matter, Nautilus argues that Fed. R. Civ. P. 12(g)(2) bars this motion because the defect raised — Nautilus' failure to allege that it reserved its rights under the policy — could have been raised in its initial motion. This argument is not without some merit. Rule 12(g)(2) provides for waiver of certain arguments if omitted from a prior motion. Certainly, Dubin could have challenged Nautilus' first complaint on the ground that it was too vague to state a claim. But it did not do so, instead solely raising a jurisdictional challenge.

    However, courts have held that when an amended complaint contains new matters, the defendant may bring a second Rule 12 motion to object only to those new allegations. *See Sears Petroleum & Transport Corp. v. Ice Ban America, Inc.*, 217 F.R.D. 305, 307 (N.D.N.Y. 2003). Here, Dubin is challenging the new allegations in paragraphs 25–27 in part on the ground that Nautilus failed to follow this Court's instructions in re-pleading its Complaint. So Dubin's motion to dismiss is not barred as an impermissible successive pleading, but it is meritless.

    This Court noted in its previous ruling that "the Complaint does not reveal when Nautilus learned of the [Wakefield] lawsuit or whether it has taken any action in regard to it, such as defending under a reservation of rights or denying coverage." *Nautilus*, 2011 WL 3664997, at *3. Dubin has seized upon this language to argue that there are "critical gaps" in Nautilus' amended complaint.

    The Court did mention reservation of rights as a detail missing from the original Complaint, but it did so in the context of discussing the overall vagueness of the Complaint. The Court did not mean to imply that Dubin was required to plead that it reserved its rights. The federal courts still apply a notice-pleading standard, and the allegations in Nautilus' amended complaint are clearly sufficient to put Dubin on notice of the claims at issue. So Dubin's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim is denied.

    Alternatively, Dubin argues that judgment on the pleadings is appropriate under Fed. R. Civ. P. 12(c). Dubin relies on Illinois cases standing for the proposition that when an insurer defends on behalf of an insured, with knowledge of facts that would provide a defense, but the insurer has not made a reservation of rights, it is estopped from raising those known facts as a defense. *See, e.g, Nationwide Mut. Ins. Co. v. Filos*, 673 N.E.2d 1099, 1104 (Ill. App. Ct. 1996).

    According to Dubin, because Nautilus does not plead that it reserved its rights, and admits that it has to some extent participated in the defense of the Wakefield lawsuit over the past five years, its own

allegations show that it is estopped from denying coverage.

Nautilus argues that it did in fact send a reservation of rights letter to Dubin, and that it is not estopped from denying coverage. Regardless, this is a question for another day. Estoppel is an affirmative defense. *See* Fed. R. Civ. P. 8(c). This means that Nautilus is not required to negate the defense in its Amended Complaint. *See Children's Memorial Hosp. v. Wilbert, Inc. Health Plan*, 733 F. Supp. 2d 961, 963 (N.D. Ill. 2010). Rather, dismissal under 12 (b)(6) is only appropriate, if at all, "when the plaintiff pleads itself out of court by alleging facts that themselves constitute 'the ingredients of [the] defense.'" *Id.* (quoting *U.S. Gypsum Co. v. Indiana Gas Co., Inc.*, 350 F.3d 623, 626 (7th Cir. 2003)). Nautilus did not plead itself out of court by omitting any reference to a reservation of rights.

As noted, Dubin alternatively seeks judgment on the pleadings under Fed. R. Civ. P. 12(c), but such a motion is premature where Dubin has not yet answered the Complaint. *See Seber v. Unger*, 881 F. Supp. 323, 325 n.2 (N.D. Ill. 1995). So it too is denied.

### III. CONCLUSION

For the reasons stated, Dubin's Motion to Dismiss the Amended Complaint, or in the Alternative for Judgment on the Pleadings [37] is denied. Dubin is ordered to answer the Complaint within 30 days from the date of this Order.